UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No. 6:21-cv-00169<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST SAMSUNG ELECTRONICS CO., LTD AND SAMSUNG ELECTRONICS AMERICA, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Sonrai Memory Limited ("Plaintiff" or "Sonrai") makes the following allegations against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung"):

**INTRODUCTION**

1.  This complaint arises from Samsung's unlawful infringement of the following United States patents owned by Plaintiff, which relates to improvements in computer chip architecture having multiple processors on a single die, United States Patent No. 6,874,014 (the "'014 Patent") and charge pump circuits, United States Patent No. 6,724,241 ("'241 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2.  Plaintiff Sonrai Memory Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite

1

23, The Park, Carrickmines, Dublin 18, Ireland. Sonrai is the sole owner by assignment of all right, title, and interest in the Asserted Patents.

3. On information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, South Korea.

4. On information and belief, Defendant Samsung Electronics America, Inc., a wholly owned subsidiary of Samsung Electronics Co., Ltd., is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Samsung in this action because Samsung has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung would not offend traditional notions of fair play and substantial justice. Samsung, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant Samsung Electronics America, Inc. is registered to do business in Texas. Additionally, upon information and belief, Defendants have transacted business in this District and have committed

acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendants have regular and established places of businesses in this District, including at 12100 Samsung Boulevard, Austin, Texas 78754; 7300 Ranch Road 2222, Austin, Texas 78730; and 1700 Scenic Loop, Round Rock, Texas 78681. *See* Exhibits 1-3. Additionally, venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendant Samsung Electronics Co., Ltd. is a foreign corporation organized under the laws of Korea, with a principal place of business in Korea.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,874,014

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 6,874,014, entitled "Chip Multiprocessor with Multiple Operating Systems." The '014 Patent was duly and legally issued by the United States Patent and Trademark Office on March 29, 2005. A true and correct copy of the '014 Patent is attached as Exhibit 4.

10. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation products with Qualcomm Snapdragon SoCs containing at least one Hexagon DSP, including without limitation the Samsung Galaxy S20 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '014 Patent.

11. Samsung also knowingly and intentionally induces infringement of one or more claims of the '014 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service

of this Complaint, Samsung has had knowledge of the '014 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '014 Patent, Samsung continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '014 Patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '014 Patent, thereby specifically intending for and inducing its customers to infringe the '014 Patent through the customers' normal and customary use of the Accused Products.

12. Samsung has also infringed, and continues to infringe, one or more claims of the '014 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '014 Patent, are especially made or adapted to infringe the '014 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Samsung has been, and currently is, contributorily infringing the '014 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

13. The Accused Products satisfy all claim limitations of one or more claims of the '014 Patent. A claim chart comparing exemplary independent claim 1 of the '014 Patent to representative Accused Products is attached as Exhibit 5.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '014 Patent pursuant to 35 U.S.C. § 271.

15. As a result of Samsung's infringement of the '014 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

16. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '014 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,724,241

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 6,724,241, entitled "Variable Charge Pump Circuit with Dynamic Load." The '241 Patent was duly and legally issued by the United States Patent and Trademark Office on April 20, 2004. A true and correct copy of the '241 Patent is attached as Exhibit 6.

19. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation products with SanDisk/Toshiba 64L 3D NAND flash chips, for example, Samsung Galaxy S10 servers ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '241 Patent.

20. Samsung also knowingly and intentionally induces infringement of one or more claims of the '241 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Samsung has had knowledge of the '241 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '241 Patent, Samsung continues to actively

encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '241 Patent. Samsung does so knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '241 Patent, thereby specifically intending for and inducing its customers to infringe the '241 Patent through the customers' normal and customary use of the Accused Products.

21. Samsung has also infringed, and continues to infringe, one or more claims of the '241 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '241 Patent, are especially made or adapted to infringe the '241 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Samsung has been, and currently is, contributorily infringing the '241 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

22. The Accused Products satisfy all claim limitations of one or more claims of the '241 Patent. A claim chart comparing exemplary independent claim 1 of the '241 Patent to representative Accused Products is attached as Exhibit 7.

23. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '241 Patent pursuant to 35 U.S.C. § 271.

24. As a result of Samsung's infringement of the '241 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

25. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '241 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Samsung has infringed, either literally and/or under the doctrine of equivalents, the '014 and '241 Patents;

b. A permanent injunction prohibiting Samsung from further acts of infringement of the '014 and '241 Patents;

c. A judgment and order requiring Samsung to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Samsung's infringement of the '014 and '241 Patents; and

d. A judgment and order requiring Samsung to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Samsung; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 23, 2021

Respectfully submitted,

<u>/s/ Reza Mirzaie</u>

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Sonrai Memory Limited***