IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br>     Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.<br>and SAMSNG ELECTRONICS<br>AMERICA, INC.,<br>     Defendants. | 6:21-cv-00169-ADA |
| SONRAI MEMORY LIMITED,<br>     Plaintiff,<br><br>v.<br><br>KIOXIA CORPORATIO and KIOXIA<br>AMERICA, INC.,<br>     Defendants. | 6:21-CV-00991-ADA |
| SONRAI MEMORY LIMITED,<br>     Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL TECHNOLOGIES,<br>INC.,<br>     Defendants. | 6:21-CV-00167-ADA |

**ORDER GRANTING-IN-PART, DENYING-IN-PART DEFENDANTS'
OPPOSED MOTION TO STAY PENDING FINAL
RESOLUTION OF PLAINTIFF'S MANUFACTURER LAWSUITS**

Came on for consideration this date is Defendants' Omnibus Motion to Stay Pending Final Resolution of Plaintiff's Manufacturer Lawsuits, filed December 23, 2021. *See, e.g.*, *Sonrai Memory Limited v. Apple Inc.*, No. 6:21-cv-00401, ECF No. 26 (the "Omnibus Motion"). Plaintiff Sonrai Memory Limited filed an omnibus opposition on January 20, 2022. *See, e.g.*, *Sonrai Memory Limited v. Apple Inc.*, No. 6:21-cv-00401, ECF No. 34 (the "Opposition"). Defendants

1

filed an omnibus reply on February 2, 2022. *See, e.g.*, *Sonrai Memory Limited v. Apple Inc.*, No. 6:21-cv-00401, ECF No. 38 (the "Reply"). After careful consideration of the Omnibus Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Defendants' Omnibus Motion as to the Defendants' requests in the above-captioned actions.

## I. BACKGROUND

Sonrai is prosecuting eight patent infringement actions, all of which are before this Court. Sonrai is suing entities the Court will refer to as "the Manufacturers": Kioxia Corporation and Kioxia America, Inc. (collectively, "Kioxia"); Western Digital Technologies, Inc. ("Western Digital"); and Samsung Electronics Co., Ltd. ("SEC"). It is also suing several entities the Court will refer to as "the Customers": SEC and Samsung Electronics America, Inc. (collectively "Samsung");[1] Google LLC; LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"); Dell Technologies Inc.; Apple Inc.; Kingston Technology Company, Inc. and Kingston Technology Corporation (collectively, "Kingston"); and Amazon.com, Inc.

Sonrai initiated suit against Kioxia, No. 6:21-cv-00400-ADA (the "Kioxia Action"), Western Digital, No. 6:21-cv-01168 (the "Western Digital Action"), and Samsung, No. 6:21-cv-00169-ADA (the "Samsung Action) (collectively the "Manufacturer Actions"). Sonrai initiated suit against Google (the "Google Action"), LG (the "LG Action"), Dell (the "Dell Action"), Apple (the "Apple Action"), Kingston (the "Kingston Action"), and Amazon (the "Amazon Action") (collectively, the "Customer Actions"). In each case, Sonrai is accusing NAND flash memory chips of infringing certain Sonrai patents. One such chip is the SanDisk/Toshiba 64L 3D NAND

---

[1] SEC is both a Customer Defendant, because it manufactures and sells downstream products that incorporate the Accused Kioxia and Western Digital Chip," and a Manufacturer Defendant, because it also manufactures the Accused Samsung Chip Sonrai separately accuses of infringement.

flash chip with the die identifier FRN1256G. The Court will refer to this chip as the "Accused Kioxia and Western Digital Chip" because Kioxia Corporation and Western Digital co-designed it. Another is a NAND flash memory with package marking SEC 110 BOE1 KLUDG4UHDC SD3P300B. The Court will refer to this chip as the "Accused Samsung Chip" because SEC designed it.

In the Kioxia Action, Sonrai alleges that Kioxia infringes U.S. Patent Nos. 6,724,241 (the "'241 patent") and 7,436,232 (the "'232 patent") by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip. Kioxia requests that the '241 patent claim against its downstream products be stayed pending resolution of the claim against the Accused Kioxia and Western Digital Chip itself. Omnibus Motion at 20.

In the Western Digital Action, Sonrai alleges that Western Digital infringes the '241 patent and '232 patent by commercializing the Accused Kioxia and Western Digital Chip and downstream products including that chip. Western Digital requests that the '241 patent claims against its downstream products be stayed pending resolution of the claim against the Accused Kioxia and Western Digital Chip itself. Omnibus Motion at 20.

In the Samsung Action, Sonrai alleges that Samsung infringes the '241 patent by commercializing (1) the Accused Samsung Chip and downstream products including that chip; and (2) downstream products including the Accused Kioxia and Western Digital Chip. Samsung requests that the latter claims be stayed pending resolution of the Kioxia Action and the Western Digital Action. Omnibus Motion at 20. It also proposes that litigation of the Accused Samsung Chip's infringement of the '241 patent continue, but, pending resolution of that claim, the claim directed to downstream products including the Accused Samsung Chip be stayed. *Id.* Samsung agrees to be bound by any infringement determination in the Kioxia Action and the Western Digital

Action as to the Accused Kioxia and Western Digital Chips. *Id.* at 15. Samsung does not agree to be bound by any invalidity determination in those actions. *See id.*

The Manufacturers and Customers filed the Omnibus Motion in each of these eight infringement actions. The Omnibus Motion is fully briefed and ripe for judgment.

## II. LEGAL STANDARD

A trial court has broad discretion to stay an action against a party to promote judicial economy. *See Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-5, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Where suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365–66 (Fed. Cir. 2014).

The "customer-suit exception" to the first-filed rule provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365 (citation omitted). "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011).

To warrant a stay of the customer suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every

4

issue." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464). Courts are instructed to use a "flexible approach" to avoid wasteful expenditure of resources, and therefore "stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Nintendo*, 756 F.3d at 1365-66 (the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination" (citations omitted)).

In determining whether the customer suit exception applies, the court analyzes three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 U.S. Dist. LEXIS 142173, at *14 (E.D. Tex. Aug. 22, 2018) (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909, 2015 U.S. Dist. LEXIS 675, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). The "guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted).

The factors courts typically consider when determining whether to grant a stay include: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014).

### III. ANALYSIS

#### A.     The Kioxia and Western Digital Stay

Kioxia and Western Digital ask that claims against particular downstream products including the Accused Kioxia and Western Digital Chip be stayed while the case against the

Accused Kioxia and Western Digital Chip proceeds. Likewise, Samsung requests that claims against its downstream products including the Accused Samsung Chip be stayed while the case against the Accused Samsung Chip itself proceeds. The Manufacturers offer no authority in which an analogous stay has been entered. This Court will not exercise its discretion to enact such a stay; any minor efficiency to be gained is dwarfed by the prejudice such a delay would visit upon Sonrai.

**B.     Samsung's Requested Stay of Under the Customer-Suit Exception**

Samsung, however, also requests that Sonrai's claims accusing downstream products including the Accused Kioxia and Western Digital Chip of infringing the '241 patent be stayed pending resolution of the Kioxia Action and the Western Digital Action. The Court will, pursuant to the customer-suit exception, sever such claims from the Samsung Action and stay that severed action.

1. <u>Is Samsung Merely a Reseller?</u>

Samsung is more than mere resellers of the Accused Kioxia and Western Digital Chip. The parties recognize that the Customer Actions focus on "downstream products" containing the Accused Kioxia and Western Digital Chip. Omnibus Motion at 1. Yet, in this Court's judgment, the "significant overlap" in the Manufacturer and Customer infringement contentions draw this Action within the customer-suit exception. *In re Google Inc.*, 588 F. App'x 988, 990–91 (Fed. Cir. 2014) (rejecting a rigid approach to the "mere reseller" standard). The Customers and Manufacturers assert that "the asserted claims of the '241 patent are all apparatus claims that are being asserted exclusively against the circuitry of the Accused Chips in the accused products." Reply at 4–5. That representation is uncontroverted. Sonrai has also not questioned the Customers' representation that, "[f]or each customer, Sonrai provided the same '241 patent infringement claim chart that it had attached to the Western Digital and Kioxia complaints, which compares claim 1 of the '241 patent to the same purported teardown analysis" of die identifier FRN1256G. Omnibus

Motion at 6. This overlap suggests that this Court's determinations in the Manufacturer Actions will simplify the Samsung Action so long as Samsung agree to be bound by those determinations.

### 2. Do the Instant Customers Agree to Be Bound?

Samsung agrees to be bound by any infringement determination in the Kioxia Action and Western Digital Action as to the Accused Kioxia and Western Digital Chip. Omnibus Motion at 15. The Court is satisfied with this agreement. The Court will not require Samsung to agree to be bound by any invalidity determination as to the '241 patent in the Kioxia Action and Western Digital Action, finding it only fair that Samsung be permitted to put on a full defense against Sonrai's claims that the Accused Samsung Chip infringes the '241 patent.

### 3. Is the Manufacturer the Only Source of the Accused Product?

Again, the Court is aware that Sonrai is also accusing the Accused Samsung Chip of infringing the '241 patent. The Court nevertheless holds that it can sever and stay the claims directed to the Accused Kioxia and Western Digital Chip to ameliorate concerns under this factor.

Under these circumstances, severance and stay will conserve party and judicial resources. Federal Rule of Civil Procedure 21 provides that, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The decision to grant a motion to sever is committed to the discretion of the district court. *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012). The Court will exercise its discretion in the interests of conserving judicial resources, party resources, and avoiding inconsistent judgments.

### C.    **Traditional Stay Factors**

#### 1. Undue Prejudice

Sonrai argues that a stay would prejudice Sonrai, forcing it to "engage in inefficient and more costly piecemeal litigation." Opposition at 14–15. It further argues that a stay would "needlessly delay taking discovery concerning . . . indirect infringement claims, and on various

7

damages issues, which would cause undue prejudice due to potential loss of evidence and unnecessary delay in recoveries." *Id.* at 14–15. The Court agrees that Sonrai would suffer some prejudice, but this Court's interest in judicial economy overwhelms that prejudice. There is too much efficiency to be gained from litigating infringement and validity as to the Accused Kioxia and Western Digital Chip and the '241 patent in a single case defended by the designers and manufacturers of that chip. A stay will also help avoid inconsistent judgments between these cases.

    2. <u>Simplifying the Issues</u>

The three-factor customer-suit analysis above illustrates how a stay would simplify the issues. Sonrai argues, however, that the Samsung Action "also involve[s] allegations of indirect infringement of the '241" which would not be resolved by the Kioxia Action or the Western Digital Action. Opposition at 12. The Court acknowledges that resolving the Manufacturer Actions would not necessarily and definitively resolve indirect infringement and damages issues related to the '241 patent. But they may. And, at the very least, resolution of validity and direct infringement will answer some questions underlying damages and indirect infringement issues. In these circumstances, a severance and stay would "facilitate just, convenient, efficient, and less expensive determination" of the issues at hand. *In re Nintendo*, 756 F.3d at 1365–66.

    3. <u>Discovery and Trial</u>

In the Samsung Action, fact discovery has not opened and trial has not been set. This does not militate against a stay.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Omnibus Motion as to the Defendants' requests in:

- the Samsung Action, No. 6:21-cv-00169-ADA, ECF No. 45 is **GRANTED-IN-PART** and **DENIED-IN-PART** and Sonrai's '241 patent claims directed to the Accused Kioxia and

Western Digital Chip is severed pursuant to Federal Rule of Civil Procedure 21, and that severed action is stayed pending resolution of the Kioxia Action and Western Digital Action. The Samsung Action will otherwise proceed.

- the Kioxia Action, 6:21-cv-00400, ECF No. 32 is **DENIED**.

- the Western Digital Action, 6:21-cv-01168-ADA, ECF No. 70 is **DENIED.**

SIGNED this 24th day of February, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE